[No. 977.    January 6, 1904.]

AMY McALLISTER, Plaintiff in Error, v. JANE
HUTCHISON, Defendant in Error.

### SYLLABUS.

A locator of a mining claim has no such title or interest in the
same after a conveyance and abandonment thereof, that the com-
munity interest of the wife attaches.

Error to the district court of Grant county, before
FRANK W. PARKER, Associate Justice.    Affirmed.

EDWARD C. WADE for plaintiff in error.

Where a wife in consideration of separation from
her husband, undertook to relinquish to her husband her
right in the community property, and afterwards the re-
lations of husband and wife were resumed, her agree-
ment to relinquish was thereby rendered absolutely void.

> 22 Eng. and A. M. Enc. of Law (1 Ed.),
> pp. 61 and 70, and cases cited; Kehr v. Smith,
> 87 U. S. 31; Wells v. Stout, 9 Cal. 479; Knapp
> v. Knapp, 95 Mich. 474, 55 N. W. 353; Carson
> v. Murray, 3 Paige 483.

A husband cannot in anticipation of a decree for
divorce or otherwise, make a voluntary or fraudulent
disposition of the community property, with a view of
defeating the claims of the wife.

> Smith v. Smith, 12 Cal. 216; Houston v.
> Timmerman, 17 Oregon 499, 11 Am. St. 448;
> Brooks v. Ankeny, 7 Oregon 461; Weiss v.
> Bethel, 8 Oregon 522; Wimberly v. Pabst, 55
> Tex. 587; Whetstone v. Coffee, 48 Tex. 269;
> Ballenger on Community Property, sec. 83 et
> seq; 14 Eng. and Am. Enc. of Law (2 Ed.), p.
> 252, and cases cited in notes, and pp. 287, 290,
> and vol. 21, p. 584.

The agreement demonstrates that the deed was intended as a mortgage, and not as a conditional sale. An equitable mortgage is a transaction which has the intent but not the form of a mortgage.

11 Eng. and Am. Enc. of Law (2 Ed.), pp. 123, 124; Flagg v. Mann, 2 Sumn. (U. S.) 533; 20 Eng. and Am. Enc. of Law (2 Ed.), pp. 936-937, 939; Conway v. Alexander, 7 Crouch. (U. S.) 218 and 947; Morgan v. Dodd, 3 Colo, 551; Upham v. Ritchey, 163 Ill. 530, 45 N. E. 228; Berry v. Monnie, 57 Mich. 187, 23 N. W. 724; Oneill v. Walker, 45 La. Ann. 609, 12 S. W. 872.

In New Mexico the Civil Law system of community property prevails.

Barnett v. Barnett, 9 N. M. 205; McCrary v. Field, 9 N. M. 222.

An unpatented mining claim is property, and if acquired during coverture, a part of the acquest property of husband and wife. It can be sold, transferred or mortgaged.

Forbes v. Graccy, 94 U. S. 762; Belk v. Meagher, 104 U. S. 297; Manuel v. Wulff, 152 U. S. 505; 2 Eng. and Am. Enc. of Law (2 Ed.), 863.

COLIN NEBLETT and JAMES FILDER for defendant in error.

As to contracts between husband and wife under the laws of this territory, the statute seems to be perfectly clear.

"In relation to all subjects, either the husband or wife may be constituted the agent or attorney in fact of the other, or contract each with the other as fully as if the relation of husband and wife did not exist."

Compiled Laws of New Mexico of 1897, sec. 1511.

[No authorities are referred to (except as above) in brief of defendant in error herein filed. Reporter.]

### STATEMENT OF FACTS.

This cause comes here on writ of error from the Third judicial district, Grant county. This is a suit to quiet the title to a one-third interest in the mining claim known as the Scotch Lass. Said mining claim was located by Henry McAllister, husband of the plaintiff in error, on the sixteenth day of April, 1891. On the twenty-fifth of July, 1892, Amy McAllister, plaintiff in error, conveyed by deed to her husband, Henry McAllister, all her right, title and interest in said mining claim, dower and otherwise, the consideration for which conveyance, and for certain town lots in the town of Central, New Mexico, was $150. The deed recites that it was made in pursuance of articles of separation entered into between said husband and wife. On the first of April, 1895, Henry McAllister being the owner of two-thirds' interest in the Scotch Lass mining claim by virtue of his location conveyed said interest by deed to Jane Hutchison, defendant in error. On November 1, 1894, plaintiff in error instituted an action for divorce against her husband Henry McAllister. No defense was interposed and a decree *pro confesso* was rendered against him and a final decree of divorce was entered on December 23, 1897. Among other things, the plaintiff alleges in her complaint that her husband was the owner of a two-thirds' interest in the Scotch Lass mining claim and other property, and claimed an interest in all of the property, including the mining claim, because and by virtue of her relation to the defendant in that proceeding, as wife. It was decreed in that case, to which proceeding the defendant in error, Jane Hutchinson, was not a party, that two-thirds interest in the said mine owned by Henry McAlister at the date of the institution

of the divorce suit was community property, and that Amy McAlister, as wife of Henry McAlister, was entitled to one-half of it, to-wit, a one-third interest in the said mining claim. Mr. McAllister was required, by the terms of the decree in the divorce suit, to pay the wife a certain sum of money, failing in which one-half of his interest in the Scotch Lass mining claim should be sold by a commissioner appointed for that purpose, and one-third was sold by commissioner Wright appointed by the court, and the one-third interest so sold was purchased by Amy McAlister, on the eleventh day of June, 1898. By virtue of these facts the plaintiff in error, Amy J. McAlister, claims title to the mining claim here in controversy.

### OPINION.

BAKER, J.—What interest had Henry McAlister in the Scotch Lass mining claim by virtue of locator, never having perfected his title by obtaining a patent and not having made any application to purchase or having paid any of the purchase-money? Also, what interest did he convty to Jane Hutchison by his deed in which his wife did not join? In Black v. Elk Horn Mining Company, 163 U. S. 450, the court says: "The interest in a mining claim, prior to the payment of any money for the granting of the patent for the land is nothing more than a right to the exclusive possession of the land based upon conditions subsequent, a failure to fulfill which forfeits the locator's interest in the claim. We do not think that under the Federal statute the locator takes such an interest in the claim that dower attaches to it." The court in that case further says: "His interest in the claim may also be forfeited by his abandonment with the intention to renounce his right of possession. It can not be doubted that an actual abandonment of possession by a locator of a mining claim

such as would work an abandonment of any other easement, would terminate all the right of possession which the locator then had. . . . If he convey to another a right which may be thus lost, that conveyance would seem to be equivalent to an abandonment by him of all rights under the statute. What could be better evidence of an intention to abandon than an actual conveyance of his right to another, ceasing to do any work thereon and the giving up of his possession in accordance with his conveyance? The abandonment by simply leaving the land is no more efficacious than conveying his rights to another and also leaving possession without any intention of returning. His simple abandonment would leave no right remaining in his wife to claim dower upon his death in the interest thus abandoned. If he added a conveyance as a clearer evidence of abandonment her alleged right to dower is not strengthened. By the terms of the statute there is no grant of any right to the wife: It is granted to the locator and to his heirs and assigns and there is no condition that hampers the right to convey by encumbering it with the inchoate right of dower, and until he does some act toward paying the purchase-money he obtains no vested right of purchase or claim to a patent. Benson Mining & Smelting Co. v. Alta Mining Company, 145 U. S. 428; Schepley v. Cowan, 91 U. S. 330.''

Henry McAlister, on April 1, 1895, conveyed by deed the mining claim in controversy to Jane Hutchison, which deed was duly delivered to her. From that time Jane Hutchison has had possession and has done the assessment work upon said mining claim. This, under the principle laid down in Black v. Elk Horn Mining Company, supra, would give her the right, title and possession of said mining claim as against every one. The decree of the district court in the divorce case of McAlister v. McAlister, entered on December 23, 1897, recites "that two-thirds interest in the Scotch Lass mine

was owned by Henry McAlister at the date of the institution of the divorce procedings, which was on November 1, 1894, "and further recites, "that said two-thirds interest in said mine was community property." To this extent, said decree is of no validity, and certainly it could have no effect upon the rights of said Jane Hutchason, who was not a party to that suit. Henry McAlister had only a possessory right in the mining claim by virtue of his location. When he conveyed his interest by deed to Jane Hutchison and abandoned the claim, he forfeited all the rights that he ever had in and to said mining claim. The rights, if any, that his said wife had in the mining claim could be of no avail until after he would have acquired title, then her interest would have attached. But Henry McAlister never reached that position, and, therefore, her anticipated interest perished when he abandoned said mining claim. Jane Hutchison's right to said mining claim is by virtue of the conveyance from Henry McAlister to her, followed by her possession and doing the assessment work required by law. The learned counsel for plaintiff in error in his brief says, "How different is that case (referring to Black v. Elk Horn Mining Company, supra) from the one under consideration? In Montana the dower system prevails; here, the civil law system of community property." Yes, different in name and amount, yet so similar in cases of real estate. In both such cases there must be a marriage and acquest property. In the case of Black v. Elk Horn Mining Company, supra, dower did not attach, for the reason that the husband never acquired any title in the real estate. So, in this case, Henry M'Alister never acquired interest in or title to the Scotch Lass Mining claim. True, he had the possessory right, which he could terminate at will by abandonment, which he did. If Mrs. McAlister was a silent partner with her husband by virtue of the civil law when McAlister abandoned the mine, it was her duty and the law required her to continue in

possession and to do the assessment work, just the same as any other partner would be required to do. She did no work on the claim from April 1, 1895, to May 26, 1900, at which time this suit was commenced. Plaintiff in error is claiming title to this mine, not to the improvements or personal property connected therewith, if any, left there by her husband; she is claiming title, pure and simple such as one can acquire under location of a mining claim through the husband. Mr. McAlister acquired no title to said mining claim, consequently she takes nothing. McAlister had an interest and property right in said mining claim so long as he continued his possession and did the assessment work. As soon as he abandoned it, he terminated all his possessory right and all of his interest in said mining claim. The conveyance by McAlister to Jane Hutchason not only conveyed all the interest he had in it to her, but it is also evidence of the fact of his abandonment of the mining claim. St. Louis Mining & Milling Co. v. Montana Mining Co., 171 U. S. 650; Phoenix Mining & Milling Co. v. Scott, 54 Pac. 777. And if McAlister's possessory right to said mine was community property, the husband had the power to convey not only his interest but the interest of his wife also. Ballinger on Community Property, sec. 81. This was the law until the passage of the act of 1901, by the legislative assembly of New Mexico. Sec. 6, chap. 62, Session Laws 1901.

Although there is fraud alleged by plaintiff in error on the part of her husband Henry McAlister, and defendant in error Jane Hutchason, the lower court evidently found that there was no fraud, and the evidence in regard thereto being conflicting, and all seeming of equal value, such finding will not be disturbed.

The right and title of Jane Hutchason to said mining claim should be confirmed, quieted and settled as against the interest claimed by the plaintiff in error.

It is therefore ordered that the judgment of the lower court be affirmed.

Mills, C. J., and McFie, A. J., concur.

Pope, A. J., did not participate in the hearing of this case, not being a member of the court at the time.