793 P.2d 1350

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Lee CIARLOTTA, Defendant–Appellant.**

**No. 11335.**

Court of Appeals of New Mexico.

April 24, 1990.

Certiorari Denied June 6, 1990.

Jacquelyn Robins, Chief Public Defender, Jonathan A. Abbott, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Hal Stratton, Atty. Gen., Patricia Gandert, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HARTZ, Judge.

Defendant appeals his conviction of telephone harassment, NMSA 1978, Section 30–20–12 (Repl.Pamp.1984). We treat summarily all of defendant's contentions except those relating to his not having a jury trial in district court. We affirm.

### INTRODUCTION

Defendant was tried before a jury in metropolitan court on charges of propulsion of missiles, City of Albuquerque Criminal Code Section 12–1–2–11 (1984); assault, NMSA 1978, Section 30–3–1 (Repl. Pamp.1984); and telephone harassment. The jury acquitted him of the first two charges and convicted him of the third. On August 26, 1988, judgment was entered, sentencing defendant to imprisonment for 364 days in the county jail.

On August 29 the public defender filed defendant's notice of appeal for trial de novo in district court. At the same time, the public defender also filed a document entitled "Waiver of Arraignment & Notice of Hearing," which read as follows:

> Comes now the Appellant, and with or without an attorney, hereby waives formal arraignment in this case, enters a plea of Not Guilty and acknowledges that he/she have [sic] been advised that this case is set for non-jury trial on [a date to be named in the future], before the Honorable Gerard W. Thomson, District Judge, Division ____.

> If appellant fails to appear for non-jury trial as scheduled, a Warrant for (his) (her) arrest will be issued.

The public defender signed on behalf of defendant in the signature block for defendant and also signed as defendant's attorney. After a non-jury trial, defendant was convicted. Nothing in the district court record shows any objection by or on behalf

of defendant with respect to his being tried without a jury. Indeed, the record does not reflect any consideration of the possibility of a jury trial in district court.

## JURY TRIAL

■ Defendant frames his first two issues on appeal as: (1) "[t]he trial court denied [defendant] his constitutional right to a trial by jury by proceeding to trial without advising him of that right or obtaining a legal waiver of his jury trial right"; and (2) "[t]he district court erred in proceeding to a bench trial without ascertaining, on the record, that [defendant] had been advised of his right to a jury trial and, or, that he wishes to waive his right to a jury." The state does not challenge defendant's contention that he had the right to a jury trial in district court. It argues solely that defendant waived that right.

Defendant does not affirmatively assert that he did not knowingly and intelligently waive his right to a jury trial in district court. His argument is, in essence, that we must find that there was no knowing and intelligent waiver because of the absence from the district court record of any evidence that defendant was advised of his right to a jury trial, either by means of an oral statement in open court or a statement in a document signed by defendant.

Insofar as defendant's argument is intended to be an assertion of the probative value of the absence of evidence in the record, the argument is unsound. Defendant may well have been advised "off the record" of his right to a jury and then made an informed choice to proceed without one. See State v. Elledge, 81 N.M. 18, 462 P.2d 152 (Ct.App.1969) (although record does not show that the defendant was advised of various rights, the defendant may have been "otherwise advised"). The absence of evidence in the district court record does not conclusively establish that defendant failed to waive his right to a jury knowingly and intelligently. In other words, to make a factual determination of whether defendant actually had made a knowing and intelligent decision to proceed without a jury, an evidentiary hearing on that question would be necessary.

Because there has been no such evidentiary hearing in this case, defendant can prevail only if we adopt a prophylactic rule that we must reverse a district court conviction in a non-jury trial of an appeal from metropolitan court whenever the district court record fails to show that appellant was advised of the right to a jury trial. Although putting the matter on the district court record may be advisable to prevent an inadvertent violation of a defendant's rights and to forestall baseless challenges to a conviction, the Rules of Criminal Procedure adopted by our supreme court do not require such an advice of rights to defendants appealing their convictions from metropolitan court, nor do we believe that the interests of justice demand that we automatically reverse a conviction if such a procedure is not followed.

■ The Rules of Criminal Procedure for the Metropolitan Courts provide that upon the defendant's first appearance before the court, the judge shall inform the defendant of the offense charged, the possible penalty, and various rights, including the right, if any, to a jury trial. SCRA 1986, 7–501(A) (Repl.1988). In this case defendant undoubtedly had the right to a jury trial in metropolitan court, and he was in fact tried by a jury. The metropolitan court rules also provide that, "[a]t the time of entering a judgment and sentence, the court shall advise the defendant of his right to a new trial in the district court." SCRA 1986, 7–702 (Repl.1988). Although the metropolitan court is not a court of record, so compliance with Rules 7–501(A) and –702 is not documented, we can presume compliance in the absence of contrary evidence.

■ Our supreme court apparently assumed that compliance with Rules 7–501 and –702 provided adequate advice of rights to a defendant who appealed a metropolitan court conviction to the district court for a trial de novo. The Rules of

Criminal Procedure for the District Courts do not provide for the district court to further advise defendant of his rights in district court. Although defendant points to (1) the requirement of an advice of rights to defendant upon his first appearance in district court, *see* SCRA 1986, 5–301, and (2) the advice of rights contained in the approved form for a defendant to sign if he waives arraignment in district court, *see* SCRA 1986, 5–303(H), 9–405, neither procedure is provided for on an appeal from metropolitan court for a trial de novo in district court. Rule 5–301 is limited to "the first appearance of a defendant before *a* court in response to summons or warrant or following arrest" (emphasis added), so it is inapplicable when defendant has already appeared before metropolitan court. As for an arraignment, when a represented defendant intends to plead not guilty, the purpose of the proceeding is simply to take the defendant's plea, not to advise the defendant of constitutional rights. *See* R. 5–303. Thus, such a proceeding is unnecessary on an appeal from metropolitan court and is not required by the rules when such an appeal is taken.[1]

■ As defendant points out, SCRA 1986, 5–605(A) states, "Criminal cases required to be tried by jury shall be so tried unless the defendant waives a jury trial with the approval of the court and the consent of the state." Yet the rule establishes no procedure for effecting such waiver, approval, or consent. Certainly, nothing explicit is required on behalf of the state or the court; the language of the rule is merely to emphasize that both the state and the court have a right to veto a defendant's election to proceed without a jury. Although the rules include a form for waiv-

er of trial by jury, to be signed by the defendant, defense counsel, prosecutor, and judge, SCRA 1986, 9–502, that form is not mentioned in Rule 5–605(A). Indeed, the rules currently in effect have eliminated an earlier requirement in the rules that waiver of jury trial be in writing. *See State v. Pendley,* 92 N.M. 658, 593 P.2d 755 (Ct.App.1979).

In sum, the rules promulgated by our supreme court do not require that waiver of the right to a jury in a trial de novo in district court on appeal from a metropolitan court conviction must be accompanied by advice to the defendant on the record in district court of his right to a jury trial. In light of that omission from the rules, we can assume that our supreme court does not favor a prophylactic rule that would require reversal in the absence of record proof that an appellant from metropolitan court was advised of the right to a jury trial in district court.

Nor do we believe that such a rule is warranted in the present context. Quite unlike the situation in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in which the United States Supreme Court presumed that a defendant pleading guilty to a capital offense did not, in the absence of anything on the record to the contrary, make a knowing and intelligent waiver of various constitutional rights, the circumstances of this case suggest a knowing and intelligent waiver. We assume that the metropolitan court complied with its rules by advising defendant of his right to a jury trial before his metropolitan court trial and of his right to a trial de novo in district court after his conviction in metropolitan court. We note that defendant may have preferred a non-jury trial because he

---

1. Although the form filed by defendant's attorney in district court, entitled "Waiver of Arraignment & Notice of Trial," may suggest that arraignment is required after an appeal from metropolitan court, the origin of the form is unclear. It does not appear among the forms approved by the supreme court. The local rules for the Second Judicial District do not include such a form and the only pertinent local rules suggest that arraignment is unnecessary on ap-

peal. Rule 39(a) (2d Dist.1988), N.M.Loc. & Fed.R.Hnbk. (1989), governing arraignments, states that arraignments will be scheduled within fifteen days of indictment or arrest, a time requirement that could never be met on appeals from metropolitan court. Rule 43 (2d Dist. 1988), N.M.Loc. & Fed.R.Hnbk. (1989), entitled "Metropolitan Court Appeals," requires only that the defendant's attorney file an entry of appearance.

did not prevail before a jury in metropolitan court on the telephone harassment claim. We think it material that defendant was represented throughout by the public defender, whose staff is well aware of the need to advise clients of their rights and of the alternatives open to them.

 Thus, we think that justice does not require the rule advocated by defendant. If his waiver was truly not knowing or intelligent, he is not without remedy. Our holding does not bar a defendant from challenging in district court the validity of his waiver of jury trial if he can present evidence that it was not knowing or intelligent. *See State v. Brakeman,* 88 N.M. 153, 538 P.2d 795 (Ct.App.1975). We need not consider whether *State v. Marrujo,* 79 N.M. 363, 443 P.2d 856 (1968) (defendant waived right to jury by proceeding to non-jury trial without demand or objection), would still be followed by our supreme court on its precise facts.

## ISSUES ANSWERED SUMMARILY

 Defendant claims that he was denied effective assistance of counsel because his counsel waived his right to a jury trial and did not advise him of that right. An attorney's advice to waive a jury is not per se ineffective assistance of counsel. The decision of whether to proceed with a jury is a tactical one. Although the failure of defense counsel to advise defendant of his right to a jury may constitute ineffective assistance of counsel, there is no evidence in the record to support that contention. We have merely defendant's bald claim in his pleadings on appeal. Because we do not review matters outside the record, we will not consider this potential basis for a claim of ineffective assistance. *See State v. Duran,* 105 N.M. 231, 731 P.2d 374 (Ct. App.1986).

 Defendant also raises three other issues, all pursuant to *State v. Franklin,* 78 N.M. 127, 428 P.2d 982 (1967) and *State v. Boyer,* 103 N.M. 655, 712 P.2d 1 (Ct.App. 1985). In support of his contentions he relies on the facts and the arguments in his docketing statement. Because these arguments are not included in his brief-in-chief, he is deemed to have abandoned these issues. *See* SCRA 1986, 12–213; *State v. Aragon,* 109 N.M. 632, 788 P.2d 932 (Ct. App.1990) (defendant's attempt to incorporate arguments and authorities contained in his docketing statement but not in his brief is ineffective).

CONCLUSION

We affirm defendant's conviction.

IT IS SO ORDERED.

MINZNER and CHAVEZ, JJ., concur.