838 P.2d 474

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Eugene ROMERO, Defendant–Appellant.**

**No. 13226.**

Court of Appeals of New Mexico.

June 24, 1992.

Tom Udall, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Amme M. Hogan, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

BIVINS, Judge.

Defendant appeals the district court's dismissal of his appeal from a metropolitan court conviction for driving with a revoked license, contrary to NMSA 1978, Section 66–5–39 (Repl.Pamp.1989). Defendant contends that the district court erred in determining that he is not an "aggrieved party" for the purpose of appealing from the judgment of the metropolitan court. Under the circumstances of this case, we are constrained to agree and, therefore, reverse and remand to the district court for a trial de novo.

## BACKGROUND

The State filed a criminal complaint in metropolitan court charging Defendant with driving with a revoked license. The complaint alleges that the arresting officer stopped the vehicle which Defendant was driving on Central Avenue in Albuquerque, and then learned that Defendant's license had been revoked. Defendant pled not guilty; however, Defendant stipulated to the stop and to the adequacy of the proof that his license had been suspended. The judgment entered by the metropolitan court states: "Stipulated facts trial. [Defendant] stipulated to (1) stop (2) adequacy of proof of suspension of license. [Defendant] found not aggrieved. [Defendant] found guilty [because] of stipulation." Defendant then appealed his conviction to the district court pursuant to NMSA 1978, Section 34–8A–6(C) (Repl.Pamp.1990), which states:

> Any person aggrieved by any judgment rendered by the metropolitan court may appeal to the district court of the county in which such judgment has been rendered within fifteen days after entry of the judgment. All criminal trials upon appeal from the metropolitan court shall be de novo unless otherwise specified by supreme court rule.

The district court dismissed Defendant's appeal on the basis that he was not an "aggrieved party." The district court found that Defendant was charged with driving with a revoked, suspended license,

that he had stipulated in the metropolitan court to the stop and to the adequacy of proof of suspension, and that he was found guilty based on those stipulations. The district court further found that Defendant was not an "aggrieved party" as required for an appeal to lie. Defendant appeals from the district court's order dismissing his appeal to that court and denying him a trial de novo.

## DISCUSSION

The State contends on appeal that because Defendant stipulated to all the essential elements of the crime without reservation, Defendant is not an aggrieved party and, therefore, has no right to appeal. In making this argument, the State relies on *State v. Ball*, 104 N.M. 176, 182–83, 718 P.2d 686, 692–93 (1986), which holds that a person who pleads guilty or nolo contendere in metropolitan court is not an aggrieved party entitled to a de novo appeal. Claiming that Defendant's stipulation as to the essential elements of the crime is the functional equivalent of a guilty or no contest plea, the State would have us extend the holding of *Ball* to the circumstances of this case. While such argument has considerable appeal, we decline to do so in this case because there is no showing that, when Defendant made his stipulations, he understood that such action amounted to a guilty or no contest plea, and that he would forego his right to appeal to the district court for a trial de novo. *See* SCRA 1986, 7–502 (Repl.1990); *cf. Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily); *State v. Martinez*, 89 N.M. 729, 732, 557 P.2d 578, 581 (Ct.App.) (same), *cert. denied*, 90 N.M. 8, 558 P.2d 620 (1976), *and cert. denied*, 430 U.S. 973, 97 S.Ct. 1663, 52 L.Ed.2d 367 (1977). *But cf. State v. Ciarlotta*, 110 N.M. 197, 199, 793 P.2d 1350, 1352 (Ct.App.) (presume, absent evidence to the contrary, compliance by metropolitan court judge with rules requiring informing defendants of their rights), *cert. denied*, 110 N.M. 183, 793 P.2d 865 (1990). *See generally* Jay M. Zitter, Annotation, *Guilty Plea Safeguards as Applicable to Stipulation Allegedly Amounting to Guilty Plea in State Criminal Trial*, 17 A.L.R.4th 61 (1982 & Supp.1991).

Whether or not a stipulation to all essential elements of a crime, made voluntarily and with full knowledge of the consequences, results in deprivation of the right to appeal for a trial de novo in district court cannot be decided on this appeal because the record does not reflect that Defendant was made aware of the consequences of his action. Whether or not such a stipulation accompanied by appropriate warnings would be considered the functional equivalent of a guilty or no contest plea and thus within the holding of *Ball*, will have to wait another day. We express no opinion. We do, however, note that Defendant candidly admits he entered into the stipulation in order to "expedite" the process in the metropolitan court and take his case to the district court. We believe that this, and other "strategic" measures designed to use the metropolitan court as a mere stepping stone to reach a district court, not only exacerbates the backlog of cases facing the district courts, but diminishes the value of the metropolitan court system.

We reverse the dismissal and remand to the district court to reinstate Defendant's appeal from the metropolitan court and to hold a trial de novo as required under Section 34–8A–6(C).

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.