This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 29,686**

**JEREMIAH ORDONEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Gary Jeffreys, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals his convictions, pursuant to a bench trial, for second degree

murder and felon in possession of a firearm. The notice proposed to affirm. Defendant filed a timely memorandum in opposition pursuant to a granted motion for extension of time. Defendant also filed a motion to amend the docketing statement. We deny Defendant's motion to amend, remain unpersuaded by Defendant's arguments, and therefore affirm.

**Motion to amend**

Defendant seeks to amend his docketing statement to argue that his trial counsel was ineffective for allowing him to waive his right to a jury trial and for failing to raise self-defense. **[MIO 1, 10-20]** Regarding Defendant's waiver of his right to a jury trial, Defendant argues that counsel allowed him to waive his right even though he was not competent to do so and had no understanding of what he was waiving. **[MIO 4, 13]** In this regard, Defendant argues that there was no "formal filing of such waiver and no indication on the record that the trial court ascertained Defendant's understanding" of the right he was waiving. **[MIO 12]** As acknowledged by Defendant, however, case law provides that waiver of the right to a jury trial need not be in writing, and no requirement mandates that a defendant be advised on the record of the right. *See State v. Ciarlotta*, 110 N.M. 197, 200, 793 P.2d 1350, 1353 (Ct. App. 1990). It is sufficient that Defendant consented to the waiver **[MIO 2]** and that the matter was discussed in chambers with the district court judge. **[MIO 12]** And, as

discussed below, the district court rejected Defendant's argument that he was not competent to stand trial. Further, given counsel's concern that a jury would find Defendant's appearance and behavior frightening **[MIO 2]**, her endorsement of the waiver of a jury trial was a matter of trial strategy and tactics. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (holding that we do not second guess the trial strategy and tactics of defense counsel on appeal).

Defendant additionally refers to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985) **[MIO 3]**, in support of his argument that counsel was ineffective for failing to raise self-defense. Again, this is a matter of trial strategy and tactics, which we will not second guess. *See Lytle*, 2001-NMSC-016, ¶ 43; *cf. State v. Gonzales*, 2007-NMSC-059, ¶ 15, 143 N.M. 25, 172 P.3d 162. Moreover, counsel is not ineffective for declining to make an argument that is unsupported by the record. *See State v. Chandler*, 119 N.M. 727, 735, 895 P.2d 249, 257 (Ct. App. 1995), *holding modified on other grounds by State v. Vargas*, 2007-NMCA-006, ¶ 14, 140 N.M. 864, 149 P.3d 961 (filed 2006).

Because counsel's performance did not fall below that of a reasonably skilled attorney and because counsel's decisions were made for sound strategic and tactical reasons, we deny Defendant's motion to amend. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (providing that issues sought to be presented

must be viable); *cf. State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (setting out the factors for a prima facie case of ineffective assistance of counsel).

**Issue (1)**

Defendant continues to argue that the district court erred in determining that he was competent to stand trial. **[DS 7; MIO 4]** "A defendant is presumed competent to stand trial and bears the burden of demonstrating incompetence by a preponderance of the evidence. If the district court finds reasonable doubt as to competency, the issue is submitted to a jury." *State v. Rael*, 2008-NMCA-067, ¶ 6, 144 N.M. 170, 184 P.3d 1064 (citation omitted), *cert. granted*, 2008-NMCERT-005, 144 N.M. 332, 187 P.3d 678. "On appeal, we review the district court's determination only for an abuse of discretion, viewing the evidence in the light most favorable to the judge's decision. A district court abuses its discretion when its ruling is clearly against the logic and effect of the facts and circumstances of the case." *See id.* (internal quotation marks and citations omitted).

Defendant continues to argue that his inability to assist his counsel in his defense **[MIO 7-8]**, as well as the opinions of two experts, Drs. Westfried **[MIO 5, 9; DS 4; RP 91-92]** and Gatling **[MIO 9-10; DS 5; RP 97-98, 104]**, provided evidence of incompetency such that the district court should have submitted the issue of competency to a jury. **[MIO 5, 8-9]** As discussed in our notice, however, the

4

district court could have instead reasonably relied on Dr. Burness' reports and testimony **[DS 4; MIO 5-6; RP 98]** that Defendant was feigning his symptoms in an effort to have the charges dismissed and was competent to stand trial. **[RP 92-93; DS 4]**

Specifically, after Defendant's initial evaluation by Dr. Westfield, **[RP 91; DS 4]** and his ensuing treatment and evaluation at the New Mexico Behavioral Health Institute at Las Vegas (NMBHI), Dr. Burness evaluated Defendant and concluded in a July 2, 2007 NMBHI report that Defendant was competent to stand trial. **[RP 92-93]** Dr. Burness did not believe that Defendant's behavior pattern was indicative of a thought disorder or delusional disorder, as referenced by Dr. Westfield in 2006 **[RP 93]**, and concluded that Defendant's behaviors instead were volitional in nature and attributable to his personality style. **[RP 93-94]** In support of her opinion, Dr. Burness reported that a Structured Inventory of Malingering Symptomatology (SIMS) screening test was administered to Defendant to detect malingering, with a score greater than 14 being suggestive of symptom exaggeration, and that Defendant's score was 21. **[RP 93]** Dr. Burness further reported that Defendant's score on the Low Intelligence scale provided an indication that "he could be feigning general cognitive incapacity or intellectual deficits." **[RP 93]** Consistent with her opinion that Defendant exaggerated his symptoms, Dr. Burness noted that Defendant expressed his

desire to remain at NMBHI because "it is better than sitting in the county jail." **[RP 93]**

After defense counsel again questioned Defendant's competency in February 2008, **[RP 94]** Dr. Burness evaluated Defendant at NMBHI for another competency evaluation. **[RP 95; DS 5]** Dr. Burness opined that, while "Defendant presented her with nonsensical and inaccurate information in relation to specific competence related questions, he was 'lucid, rational and free of any "bizarre" symptoms during other aspects of the evaluation.'" **[RP 95]** Dr. Burness further provided that "Defendant did not demonstrate psychotic symptoms during the evaluation or show signs that he was responding to internal stimuli" **[RP 95]**, and she opined that Defendant's inconsistency in his symptoms were instead "the result of feigning and malingering a mental illness, rather than . . . a psychotic or thought disorder." **[RP 95-97]** Dr. Burness provided that Defendant's scores on a number of tests were suggestive of feigning, malingering, and exaggerating symptoms. **[RP 95-96]** For example, "[o]n the Test of Memory Malingering . . ., Dr. Burness stated that a score lower than 45 . . . was suggestive of an individual who was not putting forth maximal effort and is probably feigning or exaggerating symptoms"; in two trials, Defendant scored 28 and 34. **[RP 95-96]** Also, "[o]n the Validity Indicator Profile . . ., Dr. Burness noted [that] Defendant's response style was characterized by 'irrelevant responding

indicating that he did not intend to answer the questions correctly.'" **[RP 96]** Further, "[o]n the Rey 15 Item Memory Test, Dr. Burness indicated that normally the only individuals who score 9 or lower are those feigning memory impairment"; Defendant scored 9. **[RP 96]** And, on the "Structured Interview of Reported Symptoms [Test], which Dr. Burness reported was possibly the best validated and most reliable of the measures to evaluate feigning [or] malingering," Defendant's scores on two of the scales were within the definite feigning range, and Defendant's scores on three other scales fell within the indeterminate range for faked responses. **[RP 96]**

Based on the reports and testimony of Dr. Burness, we conclude that a preponderance of the evidence supports the district court's conclusion that Defendant was competent for trial. **[RP 99]** *See State v. Jason F.*, 1998-NMSC-010, ¶ 29, 125 N.M. 111, 957 P.2d 1145 (recognizing that it is the district court judge's prerogative as factfinder to weigh the testimony of experts); *Rael*, 2008-NMCA-067, ¶ 6 (stating that "[i]n deciding the reasonable-doubt question, the [district court] judge weighs the evidence and draws his or her own conclusions from that evidence" (second alteration in original) (internal quotation marks and citation omitted)). In this regard, we note that there were several bases upon which to reject Dr. Gatling's determination of incompetency. For example, the district court apparently considered Dr. Gatling's assessments that Defendant did not appear to be putting forth adequate efforts on the

7

tests **[RP 97-99]** and was only marginally cooperative in the evaluation. **[RP 97, 99]** In addition, the district court determined that the foundation of Dr. Gatling's opinion was lacking **[RP 99]**, given that Dr. Gatling's diagnostic impressions "were based on prior history and not his own clinical findings and without the benefit" of Dr. Burness' report. **[RP 98]** And while Defendant engaged in disruptive behavior at the detention center **[95, 103]** and during the bench trial **[DS 6-7; RP 98; MIO 5]** and was not cooperative in his own defense **[DS 6]**, the district court could have reasonably relied on Dr. Burness' reports and testimony **[MIO 5-6; RP 98]** that Defendant was feigning his symptoms in an effort to have the charges dismissed. **[RP 97]** Moreover, while we understand Defendant to view Dr. Burness' second competency examination of Defendant as too short **[RP 73; DS 5; MIO 5]**, this was a matter to be weighed by the district court judge when assessing the weight to be given to Dr. Burness' opinion. *See Jason F*., 1998-NMSC-010, ¶ 29.

**Conclusion**

Based on the foregoing discussion, we hold that the district court did not abuse its discretion in determining that Defendant was competent for trial, and we therefore affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**LINDA M. VANZI, Judge**