This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

Plaintiff-Appellee,

v.                                                                    **NO. 30,021**

**ROBIN HOLGATE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals from his conviction for criminal sexual contact of a child under thirteen. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition. We have considered Defendant's arguments, and as we are not persuaded by them, we affirm.

**The Right to Present a Defense**

Defendant asserts that he was denied the right to present a defense when the district court refused to admit the testimony of David Goff, who would have testified that the victim's mother, Angela Brinley, told him that, years earlier, she had wrongfully accused a man of raping her so that her parents would not know that she had had a relationship with someone of another race. [DS 3] "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. "A district court abuses its discretion when it misapplies or misapprehends the law." *State v. Pacheco*, 2008-NMCA-131, ¶ 34, 145 N.M. 40, 193 P.3d 587.

We find no error in the district court's exclusion of this evidence. In our notice of proposed summary disposition, we indicated that the proposed evidence was hearsay, which is inadmissible pursuant to Rule 11-802 NMRA. We also stated that,

to the degree that Goff's testimony about these statements would have been character evidence reflective of the victim's mother's truthfulness, pursuant to Rule 11-608 NMRA, a witness's character of truthfulness or untruthfulness cannot be proved by extrinsic evidence. We also stated that even if Defendant's right to present a defense that the victim's mother had improperly influenced the victim or coerced him into making false claims were to override these rules, at trial, the district court noted that Defendant could have questioned the victim's mother directly about these prior accusations, but Defendant chose not to. [RP 140] Accordingly, we proposed to hold that to the degree that such a defense was available, Defendant failed to pursue it and that the district court did not err in excluding Goff's testimony.

In Defendant's memorandum in opposition, he does not assert that the evidence was admissible under the Rules of Evidence, and so we therefore assume it was inadmissable hearsay. Instead, Defendant continues to argue that the district court abused its discretion in excluding the evidence because its exclusion prevented him from presenting a defense. However, as Defendant's memorandum notes, it was Defendant himself who chose not to pursue the defense. The district court stated that Defendant could question the victim's mother about the alleged prior accusation, and that it would reserve ruling on the admission of Goff's testimony until the victim's

mother testified. [MIO 10] Despite this, Defendant chose not to question the victim's mother on the subject. [MIO 10] When Defendant again moved for admission of Goff's testimony, the district court denied its admission because the victim's mother had not been questioned about the issue. [MIO 10] Where the Rules of Evidence otherwise would have prevented the admission of Goff's testimony and where Defendant chose not to take the opportunity to present evidence of his defense through the witness he was suggesting had fabricated the story against him, we find no error in the district court's exclusion of Goff's testimony. Defendant has presented this Court with no authority from this or any other jurisdiction to support his argument that when a defendant claims that an adult has manipulated a child into making a false allegation, the defendant has a right to present extrinsic evidence of other false allegations the adult has allegedly made in other circumstances unrelated to the case being tried—particularly where, as here, the defendant declines to question the adult about the other accusations. Where Defendant presents no such authority, we presume that there is none. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

Defendant's citations to cases discussing the general right to compulsory process and the due process right to present a defense are neither on point nor

4

analogous. Furthermore, Defendant does not assert that he preserved any argument under the compulsory process or due process clauses of the constitution or provide authority that preservation of these arguments was unnecessary. Defendant has failed to demonstrate on appeal that the district court abused its discretion in excluding Goff's testimony. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**Sufficiency of the Evidence**

Defendant contends, pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), that there was insufficient evidence to support his conviction for criminal sexual contact of a child, since the victim's story varied over time and since Defendant believes the testimony of the State's other witnesses was conflicting. [DS 4-5] "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

The State was required to prove that Defendant touched the victim's penis and that the victim was under the age of thirteen when the touching occurred. *See* NMSA 1978, § 30-9-13(C) (2003); UJI 14-925 NMRA. The victim testified that he was eleven years old at the time of trial and that when he was in kindergarten, Defendant came into his room and "touched my penis with his hand." [RP 135] This evidence was sufficient to establish the elements of criminal sexual contact of a child under thirteen. To the degree that the victim's story changed over time or the testimony of the witnesses was in conflict, it was for the judge as the fact-finder to resolve any conflict in the testimony of the witnesses and to determine which testimony to credit. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482.

**Waiver of the Right to a Jury Trial**

Prior to trial, while Defendant and his attorney were present in the room, counsel for the State informed the judge that defense counsel and counsel for the State had agreed that the case should be tried by the judge, rather than by a jury. [RP 106, 162-63] Defense counsel agreed that this was the agreement. [RP 163] The judge then stated that the case could be tried by the judge. [RP 106, 162-63] Defendant asserts that the district court erred in denying him a new trial since there is no

evidence in the record that Defendant affirmatively and voluntarily waived his right to be tried by a jury.  [DS 4]

Constitutional rights may be waived, *State v. Singleton*, 2001-NMCA-054, ¶ 11, 130 N.M. 583, 28 P.3d 1124, and in this Court's notice of proposed summary disposition, we proposed to hold that Defendant waived his right to have his case tried by a jury, rather than by a judge.  We relied on *Singleton*, which stated that the right to try a case before a jury was not the sort of constitutional right that needed to be waived in writing and that it need not be shown that Defendant was advised on the record regarding the waiver. *See id.* (*citing State v. Ciarlotta*, 110 N.M. 197, 199-200, 793 P.2d 1350, 1352-53 (Ct. App. 1990), which held that a defendant was not required to waive his right to a jury trial in writing or in person on the record in order to opt for a bench trial rather than a jury trial in the district court on a de novo appeal after a conviction in metropolitan court).  We stated that to the degree that Defendant asserted that his consent needed to be express and voluntary, we were unwilling to conclude that Defendant did not give express and voluntary consent to his attorney off the record simply because the judge did not engage in a colloquy on the record. Where there was no evidence of record that Defendant's consent was not express and voluntary, we proposed to find no error on direct appeal.

In Defendant's memorandum in opposition he responds that the rule stated in *Singleton* and *Ciarlotta* that the waiver of the right to be tried by a jury as opposed to a judge need not be in writing or on the record is no longer good law after *State v. Padilla*, 2002-NMSC-016, 132 N.M. 247, 46 P.3d 1247. [MIO 4] We disagree. In *Padilla*, the issue before our Supreme Court was whether a defendant who was not present during a critical stage of trial and who was also deprived of his right to counsel during that stage, could effectively waive his right to presence and his right to counsel by signing a waiver after the fact. *Id.* ¶¶ 3-5, 19. The Court concluded that because the written waiver would have waived the defendant's right to presence, to counsel, and to appeal the issue, the district court was obligated to hold a colloquy on the record to ensure that the defendant's waiver was knowing and voluntary. *Id.* ¶ 21. Defendant does not explain why he believes *Padilla* is instructive in this case, other than it involved a waiver of constitutional rights. However, as we noted in *Singleton*

> The same procedure is not required for a valid waiver of all constitutional rights. Some rights are considered so personal to the defendant they necessitate inquiry into the individual defendant's decision-making process. These rights, such as the right to counsel, require an on-the-record waiver from the defendant personally. Other rights generally pertaining to the conduct of trial may be waived through counsel and without an inquiry on the record into the validity of the waiver.

8

2001-NMCA-054, ¶ 12 (citations omitted). As the decision to be tried by a judge, rather than by a jury, is a right pertaining to the conduct of trial that may implicate trial tactics, it is the sort of right that may be waived through counsel. *See id.* Accordingly, we find no error in the district court's refusal to grant Defendant a new trial.

**Claimed Error in the Admission of Evidence**

Defendant asserts that the district court erred in admitting evidence that Defendant believes in aliens. [DS 5] Defendant contends that this evidence was more unfairly prejudicial than probative and should have been excluded pursuant to Rule 11-403 NMRA. [DS 6]

In this Court's notice of proposed summary disposition, we stated that to the degree that the evidence was inadmissible,"[i]n a bench trial, the trial court is presumed to have disregarded improper evidence, and erroneous admission of evidence is not reversible error unless it appears the trial court must have relied on it in reaching its decision." *State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (internal quotation marks omitted). As there was nothing to suggest that the district court relied on this evidence, we proposed to hold that any error in its admission did not warrant reversal. In Defendant's memorandum in opposition, he

does not demonstrate that the district court relied on the evidence. Accordingly, even if the evidence were inadmissible, its admission was not reversible error.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**CELIA FOY CASTILLO, Judge**

**ROBERT E. ROBLES, Judge**