This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                   **No. 33,366**

**ELFIGO GRAHAM, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J. C. Robinson, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Defendant appeals from the district court's affirmance of his magistrate court conviction for misdemeanor battery upon a household member. Our notice proposed to affirm. Defendant filed a motion to amend the docketing statement and memorandum in opposition. We deny Defendant's motion and remain unpersuaded by his arguments. We therefore affirm.

{2}    We address first Defendant's motion to amend his docketing statement. Defendant seeks to argue that he was denied his right to a jury trial in district court because there is no showing that he waived his right to a jury. [MIO 5, 11] Defendant refers to *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1, in support of his argument. [MIO 12-13] As acknowledged by Defendant [MIO 9], case law provides that waiver of the right to a jury trial need not be in writing, and no requirement mandates that a defendant be advised on the record of the right. *See State v. Ciarlotta*, 1990-NMCA-050, ¶¶ 10-11, 110 N.M. 197, 793 P.2d 1350. Given this, we deny Defendant's motion to amend. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

{3}    Defendant continues to argue the district court erred in excluding text messages to him from Victim that he views as exculpatory [DS 6 MIO 12], and again refers to

*Franklin*, 1967-NMSC-151, ¶ 9, and *Boyer*, 1985-NMCA-029, ¶ 24, in support of his argument. [MIO 12-13] "We examine the admission or exclusion of evidence for abuse of discretion, and the district court's determination will not be disturbed absent a clear abuse of discretion." *State v. Kent*, 2006-NMCA-134, ¶ 18, 140 N.M. 606, 145 P.3d 86.

{4} As a basis for his continued argument, Defendant emphasizes that the excluded text messages would have shown that Victim was not a credible witness [MIO 12], that Victim was not afraid of Defendant [MIO 12], and that Victim might have been lying about the incident with the gun. [MIO 13] As noted in our notice, Defendant has not provided this Court with the contents of the excluded messages, and in the absence of this information we continue to presume that the district court ruled correctly. *See, e.g.*, *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). But apart from this, and as emphasized in our notice, there is no indication that the excluded text messages address the disputed issue of whether Defendant battered Victim [DS 5], and for this reason their asserted probative value, if any, is speculative and detracts from the disputed issue of battery. *See, e.g.*, Rule 11-401 NMRA (setting forth the test for relevant evidence); Rule 11-403 NMRA (stating "[t]he court may exclude relevant

3

evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence). We accordingly affirm.

{5} Next, Defendant continues to argue the evidence is insufficient to support his conviction. [DS 6; MIO 13] *See* NMSA 1978, § 30-3-15(A) (2008) (battery upon a household member). We review the evidence to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314.

{6} As set forth in our notice, Victim testified that when she attempted to stop Defendant from leaving the apartment, Defendant pushed her to the side. [DS 2] Victim further testified that, when she again tried to stop Defendant from leaving, he "picked her up and threw her toward the wall" [DS 2] and that "she received a head injury upon making contact with either the wall or the ground." [DS 3] Lastly, as provided in the admitted text message, evidence was presented that Defendant hit Victim with his hand and hurt Victim by grabbing and turning her arm/wrist. [DS 3-4; RP 89] We hold that the foregoing facts support Defendant's conviction for battery against a household member. *See State v. Sparks*, 1985-NMCA-004, ¶¶ 6-7, 102 N.M.

317, 694 P.2d 1382 (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction). Although Defendant maintains that his actions were in self-defense and that Victim was the first aggressor [MIO 14], it was the fact finder's prerogative to disbelieve Defendant's version of the events. *See generally State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (recognizing that "the jury is free to reject [the d]efendant's version of the facts"). We accordingly affirm.

{7}    For the reasons set forth in our notice and discussed above, we affirm.

{8}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**

5

_____

**TIMOTHY L. GARCIA, Judge**