This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 33,919**

**MANUEL ALFREDO ORNELAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Defendant appeals from his conviction for misdemeanor aggravated battery in violation of NMSA 1978, Section 30-3-5(B) (1969). This Court issued a calendar

notice proposing to affirm Defendant's conviction. Defendant file a memorandum in opposition, which this Court has duly considered. Unpersuaded, we affirm.

{2}	In Defendant's docketing statement, Defendant alerted this Court to three claims of error on appeal: (1) that there was insufficient evidence to support his conviction for misdemeanor aggravated battery [DS 3-4], (2) that the district court had denied Defendant's assertion of self defense in response to the charges, arguing that "the victim's use of fighting words combined with a threat of use of a gun constituted grounds to defend" [DS 4], and (3) that counsel may have been ineffective [DS 4-5]. In this Court's notice of proposed disposition, we proposed to conclude that there was sufficient evidence to support Defendant's conviction for aggravated battery, that there was sufficient evidence for the district court to conclude that the State had met its burden of demonstrating that Defendant did not act in self defense, and to decline to address ineffective assistance of counsel as no specific argument had been articulated. [CN 3-6]

{3}	In response, Defendant has filed a memorandum in opposition that identifies two issues: (1) that the victim's "use of racial slurs constituted 'fighting words' so that the ensuing altercation was mutual combat and [Defendant] should have no criminal liability for the injuries [the victim] sustained" [MIO 2], and (2) that trial counsel was ineffective when he convinced Defendant to waive his right to a jury trial and have a bench trial instead [MIO 5].

**{4}** To the extent Defendant now contends that he should be free from criminal liability based on a theory of mutual consent, we point out that this was not a theory advanced in the district court. "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 (internal quotation marks and citation omitted). "The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue." *State v. Allen*, 2014-NMCA-047, ¶ 9, 323 P.3d 925 (internal quotation marks and citation omitted), *cert. denied*, 2014-NMCERT-002, 322 P.3d 1062.

**{5}** Defendant asserts that he argued below "that this was self-defense and specifically noted that [the victim] used fighting words." [MIO 2] According to Defendant, "[t]his adequately preserved [Defendant's] argument that the use of fighting words negated his criminal liability towards [the victim]." [Id.] However, the argument that Defendant advances on appeal is not one of self defense; rather, it is an argument involving mutual consent [MIO 2-5], which was not a theory that was presented to the district court for consideration. There is no record of mutual consent

3

in the State's proposed findings and conclusions [RP 61-63], in Defendant's proposed findings and conclusions [RP 64-66], or in the district court's order [RP 72-73]. However, all three of those documents make reference to Defendant's contention that he acted in self defense. Given that Defendant failed to present this theory to the district court, and therefore the district court had no opportunity to make any findings relevant to this theory, we conclude that allowing Defendant to now advance this theory of his case would be contrary to our preservation requirements and our role as an appellate court.

{6} To the extent Defendant otherwise contends that there was insufficient evidence to support his conviction for misdemeanor aggravated battery, based on the argument contained in Defendant's memorandum in opposition, we conclude that Defendant has abandoned his argument regarding the sufficiency of the evidence that he originally raised in his docketing statement. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (providing that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue). We therefore rely on the analysis contained in this Court's notice of proposed disposition and conclude that there was sufficient evidence to support Defendant's conviction.

{7} Furthermore, to the extent Defendant has now articulated a basis for claiming that his trial counsel was ineffecitve, we conclude that Defendant has failed to

4

demonstrate a prima facie case of ineffective assistance of counsel. "To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that Defendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted). "On appeal, we will not second guess the trial strategy and tactics of the defense counsel." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted). The decision whether to waive a jury trial is a matter of trial strategy. *See State v. Ciarlotta*, 1990-NMCA-050, ¶ 14, 110 N.M. 197, 793 P.2d 1350 (stating that "[t]he decision of whether to proceed with a jury is a tactical one"). As a result, we conclude that Defendant has failed to demonstrate a prima facie case of ineffective assistance of counsel.

{8}     Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's conviction.

{9}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

5

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**J. MILES HANISEE, Judge**